IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BISHOP'S PROPERTY & INVESTMENTS,   *
LLC, and ROBERT WAYNE BISHOP,
Individually and on behalf of   *
all persons similar situated,
                                  *

      Plaintiffs,
                                *
vs.
                                *   CASE NO. 4:05-CV-126(CDL)
PROTECTIVE LIFE INSURANCE
COMPANY, a corporation,         *

      Defendant.                 *

O R D E R

Presently pending before the Court is Defendant's Motion to Transfer Venue (Doc. 14). For the reasons set forth below, Defendant's Motion to Transfer Venue is denied. Also before the Court is Defendant's Motion to Dismiss (Doc. 16). That motion is denied as moot.[1] Also before the Court is Defendant's Motion to Dismiss Amended Complaint (Doc. 28). That motion is denied. The Court previously granted in part Defendant's Motion to Stay pending ruling on the Motion to Dismiss. The Court orders that the stay is lifted. The parties are hereby ordered to file a joint proposed scheduling order within thirty days of the date of this Order. If

---

[1] Plaintiffs filed an Amended Complaint after Defendant filed its Motion to Dismiss. Defendant observed that the Amended Complaint superseded Plaintiff's original Complaint and also represented that its Motion to Dismiss the Amended Complaint superseded its Motion to Dismiss the original Complaint.

the parties cannot agree on a joint order, they shall file a report outlining their differences. The contents of the proposed scheduling order shall comply with the Court's Rules 16 and 26 Order filed on April 7, 2006.

## FACTUAL BACKGROUND

This lawsuit is a putative class action concerning the refund of unearned premiums in credit insurance transactions. Plaintiffs[2] contend that Defendant breached its contractual duty to refund unearned premiums due to Plaintiffs and other similarly situated individuals.[3] Plaintiffs base their claims on the following facts alleged in their Complaint. On October 11, 2004, Plaintiffs purchased a new vehicle from Daniels Chevrolet-Oldsmobile in Swainsboro, Georgia. Plaintiffs financed the purchase through GMAC and, in connection with that financing, purchased a credit life and credit disability insurance policy from Defendant. Plaintiffs paid a single, one-time premium in the amount of $1,030.11 for the credit life insurance, which had a scheduled term of 72 months. Plaintiffs paid a single, one-time premium in the amount of $2,790.36 for the credit disability insurance, which had a scheduled term of 71 months.

---

[2]In the caption of the case, there are two named Plaintiffs: Robert Wayne Bishop and Bishop's Property & Investments, LLC. Plaintiff Robert Wayne Bishop is the sole owner of Bishop's Property & Investments, LLC. The Court refers to both Plaintiffs collectively as "Plaintiffs."

[3]Plaintiffs seek to recover against Defendant under the following theories: breach of contract; negligence in the administration of insurance policies; and willful, wanton, and intentional misconduct in the administration of insurance policies.

These insurance policies were designed to pay the car loan if Plaintiff Bishop died or became disabled within the coverage period. Plaintiffs were issued a certificate as evidence of the credit life and credit disability insurance.

The certificate provided that the insurance would stop on the date the loan was paid in full. The certificate also provided that Defendant would make a refund of the unearned premium if the insurance stopped prior to the expiration date. Specifically, the certificate stated: "When we [Defendant] are notified, or when we find out, the Insurance has stopped prior to the Expiration Date, we will make a refund of the unearned premium." The certificate also provided that the insured "cannot start any legal action until 60 days after [the insured sends Defendant] proof of [insured's] loss."

Plaintiffs paid off the car loan on September 16, 2005. Plaintiffs claim that they are therefore entitled to a refund of the unearned premium for the time period between September 17, 2005 and the loan's scheduled maturity date. Prior to the filing of this lawsuit, Plaintiffs did not receive a refund of the unearned premium. Defendant represents that, prior to filing the instant lawsuit, Plaintiffs did not notify Defendant that the car loan had been paid in full. Defendant points out that Plaintiff Bishop received a letter from GMAC on September 27, 2005, confirming that the car loan had been paid in full and advising Plaintiff Bishop that he "may be able to get a refund of part of the premium" he paid for the credit

3

life and credit disability insurance and that he should contact his dealer or insurance company to learn more about getting this refund. Defendant further represents that after it received a copy of the September 27 letter from GMAC to Plaintiff Bishop but before Plaintiffs filed the lawsuit, Defendant refunded its portion of the unearned premium to Plaintiffs' car dealer.  After Plaintiffs filed this lawsuit, the dealership tendered the unearned premium refund, which Plaintiffs declined.

## MOTION TO TRANSFER

Defendant seeks to have the Court transfer this action to the United States District Court for the Northern District of Alabama in Birmingham, Alabama, pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  § 1404(a).  The decision to transfer a case to another district "is left to the sound discretion of the trial court." *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  Once it is established that the action "might have been brought" in the suggested forum, the district court must weigh "a number of case-specific factors" to determine whether to transfer the case. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 23 (1988).  The § 1404(a) movant has the burden "to establish that

4

the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

In this case, it is undisputed that venue is proper in both the Middle District of Georgia and the Northern District of Alabama. The question, therefore, is whether the § 1404(a) factors—the parties' convenience, convenience of witnesses, and the interests of justice—weigh strongly in favor of Defendant such that the Motion to Transfer should be granted. *See, e.g., Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (noting that a plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations"). The Court is not persuaded that these factors weigh strongly in favor of transferring this case to the Northern District of Alabama.

First, although Plaintiffs are not residents of the Middle District of Georgia, Plaintiff Bishop has significant ties to the Middle District of Georgia: Bishop resides in the Metro Columbus, Georgia area and works in the Middle District of Georgia. Second, although Defendant argues that "Birmingham is the location of many of its key witnesses," Defendant did not specifically identify any key witness located in the Northern District of Alabama.[4] As for non-party witnesses, Defendant represents that witnesses from the car

---

[4]To date, Defendant has shown that many of its executive employees work at its headquarters in Birmingham. Defendant has also identified one potential key witness, Lori Hallissey, whose affidavit was executed in St. Louis, Missouri.

dealership where Plaintiffs purchased the insurance at issue in this case reside in or near Swainsboro, Georgia. While it is true that Swainsboro is more than 100 miles from Columbus, Swainsboro is more than 300 miles from Birmingham. Therefore, the Court cannot find that these non-party witnesses will be unnecessarily inconvenienced if this case is litigated in the Middle District of Georgia rather than the Northern District of Alabama. Third, Defendant asserts that "many key documents and records" are located in Alabama. However, Defendant has not pointed to any specific records which are located in Birmingham and cannot, without unnecessary inconvenience, be transported to Columbus. For these reasons, the Court cannot find that Defendant has met its burden of showing that the Northern District of Alabama is more convenient so that a transfer is required "in the interest of justice." 28 U.S.C. § 1404(a).

## MOTION TO DISMISS

In addition to its Motion to Transfer, Defendant moves to dismiss all of Plaintiffs' claims asserted in the Amended Complaint, arguing that Plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing Defendant's Motion to Dismiss under Rule 12(b)(6), the Court must limit its "consideration to the pleadings and exhibits attached thereto," construe the Complaint in the light most favorable to Plaintiffs, and accept Plaintiffs' alleged facts as true. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352, 1352 n.7

(11th Cir. 2006). The Court may only grant a Rule 12(b)(6) motion if it is "demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Magluta v. Samples,* 256 F.3d 1282, 1283-84 (11th Cir. 2001) (per curiam) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

Defendant argues that Plaintiffs' Amended Complaint is barred for a variety of reasons. For the most part, these arguments are all variations on the same theme: Plaintiffs failed to notify Defendant of the early payoff prior to filing suit. Defendant contends that Plaintiffs were obligated to provide notice of the early payoff under O.C.G.A. § 33-31-9(c) and under the express and implied terms of the certificate, including the implied covenant of good faith and fair dealing.

*a. O.C.G.A. § 33-31-9(c)*

In 2005, the Georgia General Assembly amended O.C.G.A. § 33-31-9(c) to provide that it is "the obligation of the insured to notify the insurer of the early payoff of the indebtedness which is covered by the [credit life or credit disability] insurance."[5] The amended statute became effective on May 2, 2005. Defendant contends that Plaintiffs' lawsuit is barred because Plaintiffs failed to provide statutory notice of the early payoff as required by amended

---

[5] The 2005 amendment also requires insurers to provide conspicuous notice to the insured of the insured's early payoff notice obligation. O.C.G.A. § 33-31-9(c.1).

7

O.C.G.A. § 33-31-9(c). However, in light of the recent opinion of the Georgia Court of Appeals in *J.M.I.C. Life Ins. Co. v. Toole*, No. A06A0992, 2006 WL 1882362 (July 10, 2006), the Court finds that Georgia law does not require pre-suit notice of an early payoff.

The *Toole* case is nearly identical to the instant case. Toole, the plaintiff, purchased a credit life and credit disability policy from the defendant insurance company in conjunction with his purchase of a used car and paid a one-time premium for that policy. Like Plaintiffs in this case, Toole was entitled—under the terms of the insurance policy and under Georgia law—to a refund of any unearned premium if he paid off his car loan early. And like Plaintiffs here, Toole satisfied his car loan early, but his insurance company failed to provide him with the unearned premium refund, offering to do so only after Toole filed his lawsuit. *Toole*, 2006 WL 1882362, at *1.

The Georgia Court of Appeals in *Toole* was presented with the question whether amended O.C.G.A. § 33-31-9 applied to require pre-suit notice of the early payoff. *Id.* at *2.[6] The Court found that amended O.C.G.A. § 33-31-9 "does not purport to require notice prior to suit or within any particular time after loan payoff, and filing suit satisfies a notice requirement where the statute does not require pre-suit notice." *Id.* Therefore, the Georgia Court of

---

[6] The Georgia Court of Appeals was also presented with the question whether a notice requirement existed under former O.C.G.A. § 33-31-9 or Georgia law. Although it expressed doubt that such a requirement existed, the court did not explicitly rule on that issue. *Toole*, 2006 WL 1882362, at *2.

Appeals found that even if amended O.C.G.A. § 33-31-9 applied in that case, the plaintiff provided sufficient notice to the insurance company by filing his lawsuit.  Under that ruling, even if amended O.C.G.A. § 33-31-9 applies in this case, Plaintiffs met the notice requirement by filing their lawsuit.  Therefore, Plaintiffs' claims are not barred on account of O.C.G.A. § 33-31-9.

> *b. Express and Implied Contract Terms*

Defendant contends that even if Plaintiffs were not statutorily required to provide notice of the early payoff, they were required to make such a notification—*prior to filing suit*—under the terms of his insurance contract.

First, Defendant asserts that the certificate contains an express term requiring notice of an early payoff.  The term Defendant points to is the language in the certificate providing that the insured "cannot start any legal action until 60 days after [the insured sends Defendant] proof of [insured's] loss."  Defendant contends that this provision requires that an insured provide proof of the "loss" of the unearned premium.  Plaintiffs counter that the provision simply provides that Plaintiffs may not commence a suit based on the denial of an insurance claim until 60 days after they submit proof of a loss giving rise to insurance benefits.  Plaintiffs argue that this term does *not* require a notification of entitlement to a refund of unearned premium prior to suit.  The Court agrees with

Plaintiffs.[7]  The certificate uses the phrase "proof of loss" to describe the rules for filing an insurance claim.  The certificate does not use the phrase "proof of loss" to explain how a refund of unearned premium will be handled.  Rather, the certificate states that Defendant "will make a refund of the unearned premium" "[w]hen we [Defendant] are notified, or when we find out, the Insurance has stopped prior to the Expiration Date."  Therefore, the Court cannot conclude that a reasonable person in Plaintiffs' position would understand that he must send Defendant a "proof of loss" regarding the unearned premium prior to filing a suit regarding Defendant's failure to refund the unearned premium.

Defendant also contends that Plaintiffs were required, under an implied term in the insurance certificate, to notify Defendant of the early payoff prior to filing suit.  In *Toole*, the insurance company argued that there was an implied contractual notice requirement but acknowledged that "the condition to its contractual duty to provide a refund had been satisfied" when the plaintiff filed his lawsuit. *Toole*, 2006 WL 1882362, at *2.  The Georgia Court of Appeals found that this acknowledgment established that, by filing suit, the plaintiff in *Toole* satisfied "any contractual condition precedent to

---

[7]The Court notes that in reviewing the certificate, the test is "not what the insurer intended its words to mean, but rather what a reasonable person in the insured's position would understand them to mean." *Western Pacific Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 680, 601 S.E.2d 363, 368-69 (2004).  Moreover, "[w]hen the language of an insurance contract is ambiguous and subject to more than one reasonable construction, the policy must be construed in the light most favorable to the insured." *Id.*

10

[defendant's] obligation to return his unearned premium." In this case, Defendant recognized that its contractual and statutory duty to provide the unearned premium refund had been triggered without any pre-suit notice by Plaintiffs: after receiving notice of the early payoff in this case, Defendant tendered a refund of the outstanding premium to Plaintiffs. Based on the circumstances presented here, the Court cannot conclude that there was an implied term in Plaintiffs' insurance certificate requiring Plaintiffs to provide pre-suit notice of an early payoff of the indebtedness. Therefore, Plaintiffs' claims are not barred by their failure to provide such pre-suit notice. Based on the foregoing, the Court concludes that Defendant has not demonstrated "beyond doubt" that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Accordingly, Defendant's Motion to Dismiss is denied.

## CONCLUSION

As discussed above, Defendant's Motion to Transfer is denied, and Defendant's Motion to Dismissed the Amended Complaint is denied.

IT IS SO ORDERED, this 1st day of September, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE