# Charles A. Gower, P.C.

ATTORNEYS AT LAW

1425 WYNNTON ROAD
POST OFFICE BOX 5509
COLUMBUS, GEORGIA 31906
www.cagower.com

Charlie Gower
charlie@cagower.com

Telephone: 706-324-5685
Facsimile: 706-322-2964


September 29, 2006

Honorable Clay Land, Judge
United States District Court
Post Office Box 124
Columbus, Georgia 31902

      RE:    Plaintiff's Proposed Scheduling Order
              Bishop, et.al. vs. Protective Life Insurance Co.
              <u>Case No: 4:05-CV-126</u>

Dear Judge Land:

      Enclosed is the Plaintiffs' Proposed Scheduling Order. After much discussion, we have not been able to agree with the Defendant on the terms of a Proposed Scheduling Order, due Monday, October 2, 2006. The Scheduling Order presented by the Plaintiff is essentially the same as the Scheduling Order approved by you in the credit insurance class action case of *<u>Adams v. Monumental Casualty</u>, Case No: 4:05-CV-132*. It is very straightforward and simple. As you can see, in paragraph four of that Order, there ... "were no limitations necessary to be placed under discovery ...".

      As an alternative to the streamlined Scheduling Order we proposed, Defendants propose a "three part" Scheduling Order that has what amounts to a 10 ½ month additional delay for discovery limited to "class certification" discovery **after** Your Honor rules on their most recently filed Motion for Summary Judgment, which will cause yet additional delay. Pending a ruling on that, Defendant proposed yet another delay by restricting discovery again for several months (or years) to "class certification issues" and exclude "merit issues". Conservatively, Defendant's schedule would delay the case another nine months to a year before we even got to "merit issues". Under the Defendant's proposal, a trial of the case is probably two years away.

      It is without question that discovery in this case was delayed for 90 days at Protective's request and our agreement to "discuss settlement". I do not even need to comment on that other than to say it certainly gave Protective plenty of time to work on their Motions to Dismiss and Transfer. I note we did not ask for an extension to respond to those Motions.

   As a result, we do not want any more delays than are absolutely necessary.

   At the very minimum, we vehemently protest the suggestion of Defendant to restrict the discovery, whenever it starts, to a bifurcation of "class certification issues", and at a later date, "merit issues". We will expound on this further if Defendant persists in its efforts to delay discovery in this case.

   We still think our proposed Order is fair, reasonable and expeditious.

   Thank you.

               Cordially,

               *s/* CHARLES A. GOWER

CAG:jrc  
Enclosure  
Cc: Lee E. Bains, Jr., Esq.  
   Richard Y. Bradley, Esq.  
   James E. Butler, Jr., Esq.  
   Joel O. Wooten, Jr., Esq.  
   Kate S. Cook, Esq.  
   Jeffrey M. Grantham, Esq.  
   Charles Andrew Kitchen, Esq.  
   Christopher M. Mitchell, Esq.  
   Ben B. Philips, Esq.  
   Katherine A. Weber, Esq.  
   Samuel W. Oates, Jr., Esq.