IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BISHOP'S PROPERTY & INVESTMENTS, LLC, and ROBERT WAYNE BISHOP, individually and on behalf of a class of all persons similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>    CASE NO. 4:05-CV-126(CDL)<br>*<br>*<br>* |

O R D E R

Presently pending before the Court is Defendant's Motion for Summary Judgment. Defendant seeks summary judgment on the basis that this Court lacks subject matter jurisdiction because Plaintiffs' claims are moot. For the reasons set forth below, the Court finds that it does not lack jurisdiction over this matter and Defendant's motion (Doc. 57) is denied.

BACKGROUND

Plaintiff[1] initiated this suit as a proposed class action. Specifically, Plaintiff purports to represent a class of persons who are entitled to, but have been denied, an unearned premium refund for

---

[1] Plaintiff Robert Wayne Bishop is the sole owner of Plaintiff Bishop's Property & Investments, LLC. (Compl. ¶ 1.) For ease of reference, the Court will refer to the named Plaintiffs collectively as "Plaintiff."

the early termination of their credit insurance coverage with Defendant, Protective Life. The type of credit insurance at issue covers the purchase and financing of motor vehicles. Under the terms of these policies, Defendant receives a single premium payment at the beginning of the relevant coverage period and thereby guarantees payment of the underlying vehicle loan in the event of an insured's death or disability.

Plaintiff's individual claims arise from a policy intended to cover a vehicle loan with a seventy-two month financing term. The coverage period began on the date of purchase, October 11, 2004, and Defendant received payment for the full cost of coverage from Plaintiff's lender, GMAC. GMAC then included the cost of repayment in Plaintiff's vehicle loan.

Plaintiff repaid the entire loan amount after approximately eleven months. GMAC confirmed the early payoff eleven days later, September 27, 2005. Since termination of the underlying loan likewise terminated Defendant's coverage obligation, GMAC sent Defendant a carbon copy of the confirmation letter.

Plaintiff filed the present action on November 14, 2005, alleging that Defendant was wrongfully withholding Plaintiff's refund of the unearned premiums to which it was entitled as a result of the early repayment of its vehicle loan. It is undisputed that Plaintiff did not personally receive a refund check prior to the time of filing. Since Plaintiff's filing, however, Defendant issued a check

for the total amount of unearned premiums owed to Plaintiff under its credit insurance policy. Plaintiff refuses to accept this tender "due to [] responsibilities and fiduciary duties to the absent class members." (Pl.'s Resp. Def.'s Mot. Summ. J. 5.) Nonetheless, Defendant contends that it has divested this Court of jurisdiction because Plaintiff's personal claims became moot the moment it "refunded in full the unearned premiums that [Plaintiff] claims are due." (Def.'s Mem. Supp. Mot. Summ. J. 3.)

## DISCUSSION

In every federal case, the jurisdictional power of the district court depends upon the continued presence of an actual "case and controversy" between the parties. *See* U.S. Const. art. III, § 2, cl. 1; *Powell v. McCormack*, 395 U.S. 486, 497 (1969). When "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome[,]" *Powell*, 395 U.S. at 496, the controversy vanishes and the case becomes moot. *See also Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987) ("[O]nce the controversy ceases to exist, the court must dismiss the cause for want of jurisdiction."). Accordingly, "the question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

### *A.   Article III Standing—The General Rule in Class Actions*

Determining whether a party has standing to pursue an action presents unique legal issues in the context of a class action because in a class action the plaintiff asserts claims on behalf of himself and seeks to assert claims on behalf of similarly situated class members.  Therefore, the question arises:  Under what circumstances does a legal controversy for Article III purposes continue to exist in a class action after the named plaintiff's individual claims become moot?  As a general rule, the individual claims of a class representative "must be live both at the time he brings suit and when the district court determines whether to certify the putative class. If [his] claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot."   *Tucker*, 819 F.2d at 1033 (*citing U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404, n.11 (1980)).  The rationale for this general rule is that until a class is certified it is the plaintiff's individual claim that provides the controversy, and if it is eliminated before a class is certified, no controversy remains for adjudication.  After a class is certified, the action evolves from a controversy involving solely active individual claims of the class representative and putative claims of a potential class to a controversy including active claims of the certified class.  The class claims provide the controversy upon certification. Thus, if the representative plaintiff's claims remain live throughout the certification process, but become moot after

4

certification, the court retains jurisdiction so long as there is at least one member of the certified class whose claim remains viable. *See Sosna v. Iowa*, 419 U.S. 393, 399 (1975) ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the class representative].").

In the present case, Defendant contends that it tendered to Plaintiff all that it is owed on its individual claim prior to class certification.[2] Therefore, it argues that since Plaintiff's individual claims are now moot and no class has yet been certified, no live controversy exists for Article III purposes. Plaintiff responds that under this circuit's precedent Plaintiff's standing under the circumstances of this case should be determined as of the date that it filed its Complaint which was indisputably prior to its claim becoming moot.[3]

---

[2] For purposes of this Order, the Court assumes, but does not decide, that Defendant's tender to Plaintiff after Plaintiff filed its Complaint was a complete tender for standing purposes.

[3] Defendant contends that even if standing were to be determined as of the date that Plaintiff filed its Complaint, Plaintiff had no standing at that time because Defendant had begun to process Plaintiff's refund prior to that date. The Court rejects this contention. Plaintiff did not actually receive the refund until almost one month after the Complaint was filed. Accordingly, a controversy for Article III purposes clearly existed at the time the Complaint was filed. The question is whether a full tender after the Complaint was filed but before a motion for class certification was filed moots Plaintiff's claims for standing purposes.

5

### B. The *Zeidman* "Relation Back" Exception to the General Rule

In *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030 (5th Cir. 1981)[4], the court held that a plaintiff in a putative class action whose individual claims become moot prior to class certification may nevertheless have standing to pursue the class action if he has filed a motion for class certification and vigorously pursued it. In that case, the defendant made a tender to the named plaintiffs after they filed for class certification but before the district court's final certification decision. *See id.* at 1034-36. Relying on the principle that a named plaintiff must maintain individual standing until the class is certified, the defendant persuaded the district court to dismiss the action based upon the plaintiffs' lack of Article III standing. *Id.* at 1036.

The Court of Appeals reversed, holding that, under the circumstances presented, a district court's decision to certify a class could "relate back" to the filing of the motion for class certification. *See id.* at 1050-51. Accordingly, since the named plaintiffs' claims were not moot at the time they filed their motion to certify, the defendant's subsequent tender did not cause the putative class action to become moot. *See id.* This holding does not

---

[4] A three judge panel of the Fifth Circuit decided the *Zeidman* case on July 27, 1981. Accordingly, this opinion is binding precedent in the Eleventh Circuit until it is overruled by the Eleventh Circuit *en banc*. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)(holding that all decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit).

represent an "exception" to Article III standing. Even under *Zeidman*, a plaintiff must retain constitutional standing to pursue the class action. *Zeidman* simply provides certain guideposts for evaluating whether an action remains a live controversy in the class action context when the named plaintiff receives full compensation for his individual claims prior to class certification. The general rule is that the controversy no longer remains a live one. *Zeidman* is an exception to that general rule. Under the circumstances existing in *Zeidman,* the controversy remains live notwithstanding the pre-certification satisfaction of plaintiff's individual claims.

The *Zeidman* decision relied in part upon the "relation back" principle enunciated by the Supreme Court in *Sosna v. Iowa,* 419 U.S. 393 (1975). Following the Supreme Court's rationale in *Sosna,* the *Zeidman* court recognized that the *timing* of the class certification decision should not always be dispositive of whether the named plaintiff's claims are moot. *Zeidman*, 651 F.2d at 1047. Quoting from *Sosna,* the court stated:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Id.* (*citing Sosna*, 419 U.S. at 402 n.11). The *Zeidman* court determined that, under the facts presented, it was appropriate to

7

apply the "relation back doctrine" because the controversy presented was "so transitory that no single named plaintiff can maintain a justiciable claim long enough to reach the class certification stage of the litigation." *See id.* at 1048.

The court acknowledged that the "transitory claim exception" did not classically fit the case before it. Nevertheless, the court determined that the "relation back doctrine" should apply:

> [W]hile we recognize that the named plaintiffs . . . have not presented claims which by their nature are so transitory that no single named plaintiff with such a claim could maintain a justiciable case long enough to procure a decision on class certification, we believe that the result should be no different when the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification.

*Id.* at 1050. As the court further explained, where it is financially feasible for a defendant to "pick off" the named plaintiffs by tendering their individual damages prior to class certification, the defendants are allowed to "preclude a viable class action from ever reaching the certification stage." *Id.* Since this result is "precisely what the relation back doctrine . . . condemns," the court refused to distinguish between mootness "caused by the defendant's purposive acts" and that which is caused "by the naturally transitory nature of the controversy." *Id.* Accordingly, the court held that "a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when . . . there is pending before the

8

district court a timely filed and diligently pursued motion for class certification." *Id.* at 1051.

Like the plaintiffs in *Zeidman,* the Plaintiff in the present case had standing when it filed its Complaint, and the only basis for losing standing is Defendant's tender to it prior to class certification. Also, like the plaintiffs in *Zeidman,* the Plaintiff in the present case has diligently pursued class certification. Defendant urges the Court, however, to distinguish *Zeidman* solely on the ground that Plaintiff had not filed a motion for class certification as of the date that Defendant made its tender. Defendant's argument misses the point of *Zeidman.* The *Zeidman* court did not establish the "filing of a motion for class certification" as a rigid prerequisite for the relation back exception. In fact, the Supreme Court decision that provided the foundation for the *Zeidman* exception expressly provides that the relation back principle, depending upon the circumstances, may authorize a relation back to the "filing of the complaint." The *Zeidman* court explained that in those cases "in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion[,] . . . whether the certification can be said to 'relate back' to *the filing of the complaint* may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." *Zeidman,* 651 F.2d at 1047

9

(*quoting Sosna,* 419 U.S. at 542 n.11) (emphasis added). The court's rationale contemplates that circumstances may exist which authorize relation back to the filing of the complaint.

Defendant suggests that the *Zeidman* court ploughed entirely new ground, and thus its holding should be applied narrowly to authorize relation back only as far as the filing of a class certification motion. Contrary to Defendant's implication, the *Zeidman* court did not invent a new exception; it simply applied the well established "capable of repetition, yet evading review" principle to the particular circumstances of that case. *Id.* at 1045-46. When a defendant picks off the named plaintiff in a putative class action by tendering to him the amount that he claims he is due, the issues presented by the action are effectively evaded according to the *Zeidman* court. This *evasion* occurs regardless of whether a formal motion for class certification has been filed. Defendant may disagree with the *Zeidman* court's conclusion, but it fails to distinguish the circumstances of *Zeidman* from the facts in the present case. The fact that the Plaintiff in the present case had not yet had an opportunity to formally file its motion for class certification as of the date of Defendant's tender is a distinction without a difference. To hold otherwise would be to place form over

substance and apply the *Zeidman* holding in an arbitrary manner.  An examination of the procedural history in this case makes this clear.[5]

Plaintiff's Complaint was filed on November 14, 2005 and served on Defendant two days later.  On December 2, 2005, Defendant filed a Motion for Extension of Time to Answer Complaint.  Despite the fact that Plaintiff opposed the motion, the Court granted Defendant's requested extension.  Two weeks later, on December 16, 2005, Defendant filed another Motion for Extension of Time, indicating to the Court that this second extension would facilitate discussion among the parties that could lead to a resolution of the case.  Since the motion indicated that Plaintiff did not object to the extension, the Court again extended the filing deadline for Defendant's Answer to January 31, 2006.  As this deadline approached, however, Defendant

---

[5]Defendant believes *Zeidman* was wrongly decided; yet understanding that it is binding upon this Court under the "prior panel rule," Defendant strives mightily to distinguish it in some way.  In addition to the "filing of the certification motion distinction," Defendant now in its latest supplemental brief makes the interesting suggestion that two decisions of the Fifth Circuit, issued prior to *Zeidman,* conflict with *Zeidman*, and that those prior decisions are the controlling precedent on this issue and cannot be overruled by the *Zeidman* panel decision.  *See Brown v. Sibley,* 650 F.2d 760 (5th Cir. 1981); *Sannon v. United States,* 631 F.2d 1247 (5th Cir. 1980).  Defendant is correct that those prior decisions do constitute binding Eleventh Circuit precedent under *Bonner, supra* note 4*,* and would be controlling if they directly conflicted with *Zeidman.*  However, a close reading of those two cases readily reveals that they do not directly conflict with the holding in *Zeidman.*  Neither of those cases addresses the issue decided in *Zeidman*—i.e., when a defendant in a putative class action attempts to pick off the representative plaintiff by tendering to him what he is owed on his individual claim to eliminate his standing to pursue the class action, does that plaintiff retain his standing if he had standing at the time that he filed his motion for class certification and vigorously pursued the motion?  Since there is no conflict with these earlier cases, *Zeidman* remains the binding precedent on this issue.

11

filed yet another Motion for Extension of Time, again indicating that the parties were engaged in settlement discussions and that Plaintiff did not oppose the extension. For the third time, the Court granted Defendant's request and extended the filing deadline to February 28, 2006.

On February 28, 2006, Defendant filed alternative motions, one seeking to transfer the case, and the other seeking dismissal. On April 7, 2006, the Court issued its standard Rules 16/26 Order requiring the parties to confer for the purpose of developing a proposed discovery/scheduling order. The Court noted in that Order that, in light of the pending Motion to Dismiss, the parties should move to stay the proceedings if they felt that discovery and other scheduling issues should be stayed until the Court ruled on dismissal. In accordance with the Court's instruction, Defendant filed a Motion to Stay Discovery on April 27, 2006. In this motion, Defendant also requested that the Court stay the filing of any scheduling order pending a ruling on its Motion to Dismiss. Again over Plaintiff's objection, the Court granted Defendant's Motion for Stay on May 19, 2006.

At least one of the issues raised in Defendant's Motion to Dismiss involved an issue of substantive Georgia law that was pending before the Georgia Court of Appeals. To avoid the potential for conflicting rulings, this Court decided to defer ruling on Defendant's Motion to Dismiss until the Georgia Court of Appeals

issued its opinion on the relevant issue, which occurred on July 10, 2006. *See generally JMIC Life Ins. Co vs. Toole,* 280 Ga. App. 372 (2006). Less than two months after the state court decision, on September 1, 2006, this Court issued an Order denying Defendant's Motion to Dismiss and Motion to Transfer. In light of that ruling, the Court ordered the parties to submit a joint proposed scheduling order within thirty days of September 1. On September 6 and 7, Plaintiff filed two motions, one to require Defendant to notify it of any similar class actions and one seeking to appoint Plaintiff's counsel as interim class counsel.

On September 18, 2006, Defendant finally filed its Answer to Plaintiff's Complaint, and on September 26, 2006, it filed a Motion for Certification to File Interlocutory Appeal regarding the Court's denial of its Motion to Dismiss. Two days later, on September 28, 2006, Defendant filed the presently pending Motion for Summary Judgment, contending that this Court is without jurisdiction because of Plaintiff's lack of Article III standing. On September 29, 2006, Plaintiff notified the Court that the parties could not agree upon a scheduling order, and on October 2, 2006, Defendant filed a Motion for Scheduling Order. In this motion, Defendant first asked the Court to stay all discovery unrelated to the Motion for Summary Judgment until the Court determined the jurisdictional issue, and second to bifurcate the discovery process in the event that summary judgment is denied.

13

This same day, on October 2, 2006, the Court denied Defendant's Motion for Certification to File Interlocutory Appeal. Defendant subsequently filed a motion to stay rulings on Plaintiff's pending motions until after the Court decided the Motion for Summary Judgment. The Court held a status conference on October 26, 2006, at which the Court (1) granted Plaintiff's motion requiring Defendant to notify Plaintiff of any similar class actions, (2) ordered that a joint scheduling order be submitted to the Court within twenty days of a ruling on Defendant's Motion for Summary Judgment, and (3) ordered that the scheduling order should be limited to class certification issues. At Defendant's request, the Court also scheduled a hearing on Defendant's Motion for Summary Judgment. This hearing was held as scheduled on November 15, 2006. On the following day, Plaintiff filed a Preliminary Motion for Class Certification, presumably out of an abundance of caution should the Court decide to apply *Zeidman* in a rigid and arbitrary manner.

The procedural history of this case makes it clear that Plaintiff has diligently pursued class certification. Plaintiff's first request for class certification is contained in the Complaint. In addition, Plaintiff repeatedly objected when Defendant's requests for extensions and stays would delay litigation. Furthermore, Plaintiff invariably followed the Court's rules regarding discovery and scheduling. To penalize Plaintiff for not having filed its Motion for Class Certification would effectively hold Plaintiff

14

responsible for conduct over which it had no reasonable control and would likewise reward Defendant for seeking numerous extensions and delays. Such an arbitrary result is inconsistent with the purposes of the rules with which the Court expects all parties to abide and is contrary to the interests of justice. It also would not be supported by the underlying rationale of *Zeidman*. Consequently, under the circumstances of this case and the holding in *Zeidman*, the Court rejects Defendant's contention that Plaintiff's failure to file a motion for class certification prior to Defendant's tender automatically deprives it of Article III standing.

In summary, Plaintiff has diligently pursued class certification under the constraints of this Court's rules and procedures. Furthermore, the Court has made every effort to move this case expeditiously. Nevertheless, Defendant has attempted to moot this controversy by "picking off" the named Plaintiff before the Court can reasonably be expected to rule on a certification motion. Under these circumstances, as explained in *Zeidman,* the issue presented by Plaintiff's Complaint would evade review due to Defendant's "purposive acts" if the Court were to find that Plaintiff lacked standing to pursue the class action. Accordingly, the Court finds that Plaintiff possessed Article III standing at the time that it

filed its Complaint, and due to the particular circumstances of this case, it continues to have standing to pursue this class action.[6]

## CONCLUSION

For the reasons stated herein, Plaintiff has standing under Article III to pursue this action, and the Court therefore has subject matter jurisdiction over this live controversy. Accordingly, Defendant's Motion for Summary Judgment (Doc. 57) is denied.

The Court previously ordered that the parties shall be required to file a joint proposed scheduling/discovery order within twenty days of any decision by the Court denying Defendant's Motion for Summary Judgment. Therefore, the joint proposed scheduling/discovery order shall be due December 22, 2006.

IT IS SO ORDERED, this 29th day of November, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[6] To be precise, Plaintiff has standing subject to certification of the class. If the class is certified, that certification decision shall "relate back" to the filing of the Complaint assuming that Plaintiff continues to pursue class certification diligently.