IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BISHOP'S PROPERTY & INVESTMENTS, *
LLC, and ROBERT WAYNE BISHOP[1],
Individually and on behalf of   *
all persons similarly situated,
                                *
        Plaintiffs,
                                *
vs.
                                *    CASE NO. 4:05-CV-126(CDL)
PROTECTIVE LIFE INSURANCE
COMPANY, a corporation,         *

        Defendant.              *

O R D E R

"It was déjà vu all over again."[2] Repeating many of the same arguments previously rejected by the Court, Defendant moves the Court to vacate its August 31, 2007 Order that required Defendant to provide Plaintiff with the loan termination dates for its insureds during the relevant time period.[3] To the extent that Defendant attempts to convince the Court that its analysis in the previous Order was wrong, Defendant has failed. Whether Defendant's new-found willingness to stipulate to numerosity and typicality warrant

---

[1]Plaintiff Robert Wayne Bishop is the sole owner of Plaintiff Bishop's Property & Investments, LLC. (Compl. ¶ 1.) For ease of reference, the Court will refer to the named Plaintiffs collectively as "Plaintiff."

[2]Berra, Yogi.

[3]The August 31 Order required the production of other information, too, but the loan termination dates are the focus of Defendant's Motion to Vacate because that information is allegedly the most burdensome to produce.

reconsideration of the Court's Order, however, requires further analysis. Upon consideration of the effect of these stipulations on the Court's previous Order, the Court finds that Defendant's motion (Doc. 205) should be granted in part.

BACKGROUND

Finding that the information was relevant to whether a class should be certified in this case, the Court previously ordered that Defendant provide Plaintiff with the following for the relevant time period: (1) the name or some other identifier for the insured; (2) the policy start date; (3) the policy expiration date; (4) the fact that a premium was paid; (5) the state the insurance was issued in; (6) the certificate number; and (7) the loan termination date. (Order 12-13, Aug. 31, 2007.) Subsequent to the issuance of this Order, Defendant agreed to stipulate to numerosity and typicality.[4] Defendant maintains that these stipulations eliminate the relevance

---

[4] Regarding numerosity, Defendant stipulates that it "will not contest that 'the class is so numerous that joinder of all members is impracticable' pursuant to Rule 23(a)(1), Fed. R. Civ. P." (Def.'s Reply Br. in Supp. of its Mot. to Vacate 2.)

Regarding typicality, Defendant stipulates that pursuant to Rule 23(a)(3), "it will not contest that the claims or defenses of plaintiff...are typical of the claims or defenses of the class..." with the following exceptions: (1) the applicable substantive state law may vary depending upon the residence of the insured and the state where the insurance certificate was delivered; (2) Defendant's defense to Plaintiff's claim regarding alleged misrepresentations in the application may not be typical of defenses to other insureds' claims; (3) Defendant's defense to Plaintiff's claim regarding when it tendered a refund of the unearned premium to Plaintiff may not be typical of defenses to other insureds' claims; (4) the refund language in Plaintiff's certificate may not be typical of the language in other insureds' certificates; and (5) while Plaintiff apparently did not sign an arbitration agreement, other insureds may have signed such agreements. (Def.'s Br. in Supp. of Mot. to Vacate, Ex. C.)

2

of the loan termination dates for class certification purposes, and therefore, it seeks to be relieved from having to obtain and produce that information. Plaintiff responds that the information is still relevant on the issue of whether the putative class would be manageable, and the Court therefore should not vacate its previous Order.

DISCUSSION

To obtain class certification under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff must preliminarily establish: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

In the August 31 Order, the Court concluded that it "cannot be reasonably disputed that Plaintiff is entitled to obtain information that shows how many other insureds of Defendant terminated their loans prior to the end of their original terms and were not provided with a refund of their credit life insurance premium. That information is certainly relevant in determining the size of the putative class and the typicality of the class claims." (Order 6, Aug. 31, 2007.) The Court therefore ruled that the loan termination

3

dates were discoverable because that information is relevant to the class certification issues of numerosity and typicality. *Id.*

Defendant has now unequivocally stipulated to numerosity. It agrees not to contest that the class is so numerous that joinder of all members is impracticable. Therefore, the numerosity requirement for class certification is established, and no further evidence will be required on that issue. Consequently, the loan termination dates are no longer necessary to establish numerosity.

Defendant also stipulates in part to typicality. It agrees that it will not contest that Plaintiff's claims and defenses are typical of the claims or defenses of the class with certain limited exceptions. The issue before the Court is whether the loan termination dates are relevant to those exceptions. They clearly are not.

First, Defendant reserves the right to maintain that the state substantive law that applies to Plaintiff's claim may be different from the state substantive law that applies to the claims of other members of the putative class. That determination will depend upon whether the residences of the other class members and where their certificates of insurance were delivered authorize the application of the law of a state different from the law applicable to Plaintiff's claim. It has nothing to do with the loan termination dates.

Second, Defendant reserves the right to argue that Plaintiff's claim is not typical of those of other class members because

Plaintiff allegedly made misrepresentations in his insurance application while other putative class members did not. The loan termination dates for the putative class members are certainly not relevant to this issue.

Third, Defendant reserves the right to argue that Plaintiff's claim is not typical of the other class members' claims based upon the particular circumstances surrounding Defendant's alleged attempt to tender to Plaintiff a refund of his unearned premium. To determine whether this issue weighs against class certification will not require a consideration of loan termination dates.

Fourth, Defendant reserves the right to assert that the language regarding refunds of unearned premiums included in Plaintiff's insurance certificate may be different from the language in the certificates of the putative class members, thus warranting a finding that the class should not be certified. Resolution of this issue will not require a review of the loan termination dates.

Finally, Defendant reserves the right to argue that because Plaintiff did not sign an arbitration agreement while other putative class members may have signed such agreements, this action should not be maintained as a class action. Again, the loan termination dates have no relevance to this inquiry.

In sum, Defendant has agreed to stipulate to typicality with certain limited exceptions. These exceptions do not involve the loan

termination dates. Therefore, the loan termination dates are not relevant to the issue of typicality.

Based on the foregoing, the Court finds that Defendant's stipulations on numerosity and typicality have eliminated the rationale underlying the Court's requirement that Defendant produce the loan termination dates for its insureds. Nevertheless, Plaintiff maintains that the loan termination dates are relevant on the issue of the manageability of the class.

Plaintiff is correct that in addition to proving numerosity and typicality, he must also establish that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3), Fed. R. Civ. P. "[T]he difficulties likely to be encountered in the management of a class action" are certainly pertinent to this determination. *Id.* Defendant understandably is unwilling to stipulate to these requirements. The issue presently before the Court is whether the loan termination dates are relevant to these manageability issues. The Court finds that they are not.

Manageability does not depend upon the dates that the putative class members' loans terminated, and in fact, a close reading of Plaintiff's argument reveals that Plaintiff's focus is not upon the actual data that the loan termination materials disclose. Instead,

6

Plaintiff seeks to use Defendant's court ordered compliance with the August 31 Order as evidence that the class can be reasonably managed. He argues that if the Defendant completes the process of identifying all putative class members during the class certification stage, then that will prove *ipso facto* that the action is manageable as a class action. Allowing manageability to be established through such a short-cut, particularly when it is compelled by the Court under the threat of contempt, is troublesome and inconsistent with the Court's understanding of the purpose of Rule 23. The merits of class certification should not be decided based upon discovery rulings.

The Court finds that resolution of the manageability issue does not depend upon the loan termination dates. Furthermore, even if the loan termination dates had some relevance to the manageability issue, the Court finds that their limited relevance is outweighed by the Court's obligation to determine whether a class should be certified "at an early practicable time." Rule 23(c)(1)(A). That time is now and should not be further delayed by a prolonged discovery process that will produce evidence that has little relevance to class certification in light of Defendant's stipulations on numerosity and typicality.

## CONCLUSION

Since the loan termination dates are no longer relevant to class certification given Defendant's stipulations to numerosity and typicality, the Court vacates that portion of its August 31, 2007

7

Order that required Defendant to produce the loan termination dates. Taking into consideration the Court's Order today, the parties are ordered to confer and file with the Court by December 7, 2007 a joint proposed scheduling order that provides for the expeditious consideration of Plaintiff's Motion for Class Certification. No extensions shall be granted as to the filing of that amended scheduling order.

IT IS SO ORDERED, this 19th day of November, 2007.

<pre>
                                    S/Clay D. Land
                                     CLAY D. LAND
                            UNITED STATES DISTRICT JUDGE
</pre>