```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION
```

| | | |
|---|---|---|
| BISHOP'S PROPERTY & INVESTMENTS, LLC, and ROBERT WAYNE BISHOP, individually and on behalf of a class of all persons similarly situated, | * * * * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:05-CV-126(CDL) |
| PROTECTIVE LIFE INSURANCE COMPANY, a corporation, | * * | |
| Defendant. | * | |

## O R D E R

Now that Plaintiff's motion for class certification has been denied, the question arises whether this Court has subject matter jurisdiction over Plaintiff's only remaining claim: his individual breach of contract claim arising from Defendant's alleged failure to refund his unearned premium. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Plaintiff's sole basis for federal jurisdiction is the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). (*See* Compl. ¶ 4.) Under CAFA, federal courts have original jurisdiction over class actions in which the aggregate of the claims of individual class members exceeds $5,000,000, the number of class members is equal to

or greater than 100, and "there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006) (internal quotation marks omitted); *see also* 28 U.S.C. § 1332(d)(2), (5)(B), (6).  Because the Court denied Plaintiff's motion for class certification, this action is no longer a "class action." Moreover, even if this action were still considered a "class action" because it was filed as such, Plaintiff cannot meet CAFA's requirements regarding minimal diversity, amount in controversy, and the minimum number of plaintiffs.  Both Plaintiff and Defendant are Alabama residents (Compl. ¶¶ 1, 3); the amount in controversy for Plaintiff's breach of contract claim does not exceed $5,000,000; and there is only one plaintiff remaining in the case.[1]  Thus, the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim.

Even if the Court were to exercise supplemental jurisdiction over Plaintiff's breach of contract claim, it would still dismiss the action because there is no longer any actual case or controversy as required by Article III of the United States Constitution. Defendant previously tendered to Plaintiff the amount of his unearned premium refund, which he rejected because of the pending class action.  (*See,*

---

[1] In addition, Plaintiff does not bring any federal claims, so jurisdiction is not proper under 28 U.S.C. § 1331, and there is no diversity of citizenship, so the Court cannot exercise jurisdiction under 28 U.S.C. § 1332(a).

*e.g.,* Hallissey Aff. ¶¶ 22, 24, Feb. 27, 2006; *see also* Martin Aff. ¶ 12, Sept. 22, 2006.)  Since Plaintiff has been paid what he is due on the only remaining claim in this action, no case or controversy remains for adjudication.

For all of these reasons, the Court finds that it lacks jurisdiction over Plaintiff's breach of contract claim, and this action is therefore dismissed in its entirety for lack of subject matter jurisdiction.

IT IS SO ORDERED, this 10th day of February, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
